ROSE KAHN, Appellant, v. HERMAN OVERSTOLZ et al., Respondents.

**St. Louis Court of Appeals, December 12, 1899.**

1. Promissory Note: BY CO-PARTNERSHIP: PRESUMPTION REBUTTED. Though a promissory note is admitted to be in the name of the co-partnership, the presumption of liability created by it against all the members of the co-partnership is only *prima facie;* and the court trying the case, if the testimony tends to show that the note was executed for the individual debt of a member of the firm, and the holder of the note knew that fact, would have the right to find against the presumption arising from the face of the note, and for the party denying partnership indebtedness.

2. ———: ———: PROVINCE OF THE TRIER OF THE FACT. It is the province of the jury or trier of the fact to determine the credibility of witnesses and the weight of their testimony, and when that has been done, as in this case, by a trial judge sitting as a jury, his findings will not be reversed, except upon the clear evidence of unjudicial bias. It not appearing from the circumstances in the record, that the judge was prejudiced in his findings, his conclusion in this behalf, is final.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Virgil Rule* and *Johnson & Steinwender* for appellant.

(1) Upon the fact of the evidence the judgment in both cases should have been for the plaintiff. The firm of Schubach's Ticket Office was a trading copartnership, and as such, its individual members were *prima facie*, jointly and severally bound by a note given by one of them in the firm name, even though in fraud of the other members, and in the absence of notice. If the notes were given for the individual use of the member of the firm uttering them, the burden of proof was on the defendants to show that the plaintiff had full knowledge of that fact, and was not, as the lower court ruled in this case,

on the plaintiffs to show that the other members of the firm had knowledge of its being given, and either tacitly or actually assented thereto. Mylins v. Young, 7 Mo. 1; Hayner v. Crow, 79 Mo. 293; Midland Bank v. Schoen, 123 Mo. 650; s. c., 56 Mo. App. 160; Meader v. Malcolm, 78 Mo. 550-53; Feurt v. Brown, 23 Mo. App. 336; Webb v. Allington, 27 Mo. App. 568. (2) Where one of two innocent parties must suffer by the act of a third party, he must suffer who has been the cause or occasion of the confidence or credit reposed in such third person. Hayner v. Crow, 79 Mo. 293.

*Lubke & Muench* for respondent.

Even waiving, the question of fact which has been decided against appellants, we submit that on the law, also, they are wrong. The authority of one partner to bind the other (in the absence of knowledge or consent) is confined to cases where the note is given in the usual course of the partnership business, or for property which the partnership usually deals in. Bank v. Schoen, 123 Mo. 650. In this case the business of the partnership was to buy and sell railroad tickets. That is not a "mercantile business." The borrowing of money was a mere occasional incident in the necessities of the business, and was then done in bank on collaterals, or from one relative of the defendant. In no sense was it a general trading firm, the scope of whose business would naturally require the several members of the partnership to go about borrowing money from whom they might. Hence there was no implied power to make this note. Deardorf v. Thatcher, 78 Mo. 128; Webb v. Allington, 27 Mo. App. 559. But the latter case was over-ruled in Deardorf v. Thatcher, *supra*, in so far as it holds that *prima facie* the note of any firm is binding on all the partners; and in the last case the rule is held to apply solely to mercantile firms. When appellants, in the concluding paragraph of their brief, declare that there is no question as to the *bona fides* of the giving of the two notes sued on, and no question as to

Marx believing that he was dealing with the firm instead of Schubach individually we are forced to utterly deny those propositions. Our denial is based upon the record in these cases, and that record furnishes the proof that these notes were for loans originally made to Schubach, and only attempted to be contorted into a firm debt when it suited these closely related parties to try to saddle the individual obligation of one partner upon the other. That the lower court declined to have itself imposed upon by so apparent a trick of these parties is largely to its credit, and its finding should not be disturbed.

BOND, J.—Schubach and Marx were copartners engaged in buying and selling tickets for the transportation of persons by carriers. In October, 1896, Marx sold out his interest in the firm to defendant Overstolz for $2,500. Thereupon Schubach and Overstolz continued the business under the firm name and style of Schubach's Ticket Office, and agreed between themselves to purchase for the use of the firm a membership in the American Ticket Brokers Association, owned by one Stockbridge, at the price of $2,500, $1,500 of which was to be contributed by Overstolz, and $1,000 by Schubach. To this end Overstolz paid his part, and Schubach got $1,000 from plaintiff and contributed it as his part, giving to her agent therefor a note for that sum. In reference to the signature of this note plaintiff's witness states it was signed like the one in suit, "Schubach Ticket Office, A. Schubach." Defendant testified that the only signature affixed to it was "Albert Schubach." Both that note and the one in renewal thereof, upon which this action is brought, recited "I promise to pay, etc." The evidence shows that the money received upon the note to plaintiff was charged on the books of the concern to the investment account of A. Schubach; that the interest on this note was paid and charged to the individual account of A. Schubach. This suit is upon the renewal note. Defendant Overstolz answered under oath, averring the non-

execution of the note by him or his firm, want of title in the plaintiff, and no consideration to himself or to his firm. The cause was submitted to the court without a jury. No instructions were asked or given, and a judgment in favor of Overstolz was rendered, from which plaintiff appealed.

Conceding that the copartnership to which respondent belonged was so far a trading one as to authorize its members to excute notes in its name, the presumption of liability thus created against all the members of the firm is *prima facie* not conclusive. Bank v. Schoen, 123 Mo. 650; Deardorf v. Thatcher, 78 Mo. 128. Hence the trier of the facts upon the adduction of evidence tending to show that the note in suit was not executed for a partnership purpose but for the individual debt of a member of the firm, and that this fact was known to the holder, had the right to find against the presumption arising from the face of the note and the oral evidence supporting that presumption. The law is, that it is the exclusive and constitutional province of the jury or triers of the fact to determine the credibility of witnesses and the weight of their testimony, and when, as in the present case, this has been done by a trial judge sitting as a jury, his finding as to the facts will not be reversed on appeal, except upon clear evidence of unjudicial bias. In this case the learned circuit court judge had all the parties before him, and could see and mark their demeanor and manner of testifying, the nature of their answers, whether frank and unreserved, or evasive and shifty. He evidently concluded that the preponderance of the evidence did not show that plaintiff's agent, who conducted the loan, was not aware that the borrower Schubach was seeking the money for his individual account. There are many and cogent circumstances supporting this view arising from the testimony showing that Schubach gave the original note as his personal obligation; that the intermediary who effected the loan was Schubach's brother-in-law and former partner, and

therefore naturally cognizant of his, Schubach's affairs.    Besides, the undisputed evidence showed that the money realized upon the note was actually used by Schubach as his private contribution to the firm.    In addition to all this the wording of the notes themselves did not indicate a joint obligation to pay.    These and other circumstances in the record fully acquit the learned trial judge of a willful disregard of unimpeached evidence.    His conclusion is therefore binding on us.

Something is said in appellant's brief as to the rulings of the court upon the evidence introduced on the trial.    An inspection of the abstract fails to show that any exceptions to the admission or rejection of evidence were taken during the course of the trial.    The point suggested is not therefore before us for review.    The judgment in this case is affirmed. All concur.